## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

MARK WALKER,

    Plaintiff,

v.

U.S. XPRESS, INC., MOUNTAIN
LAKE RISK RETENTION GROUP,
INC., and EFEBO V. DEMETRICK,

    Defendants.

Case No.   2:21-CV-225-RWS

## **COMPLAINT**

COMES NOW Plaintiff, Mark Walker (hereinafter "Plaintiff"), and files this lawsuit against Defendants U.S. Xpress, Inc., Mountain Lake Risk Retention Group, Inc. and Efebo V. Demetrick  showing the Court as follows:

### **Nature of the Case – Jurisdiction - Parties**

1.

Plaintiff Mark Walker (hereinafter "Plaintiff "or "Walker") is a South Carolina resident, residing in Abbeville, S.C.

2.

Defendant Efebo V. Demetrick (hereinafter "Defendant Demetrick") is a Louisiana resident, residing at 600 Deerfield Rd., Terrytown, LA 70056.

3.

Defendant U.S. Xpress, Inc.  (hereinafter "Defendant Xpress") is a Nevada corporation with its principal place of business in Tennessee registered to do business in Georgia and may be served by serving its registered agent for service of process: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

4.

Defendant Mountain Lake Risk Retention Group, Inc. (hereinafter "Defendant Mountain Lake") is a Vermont corporation with its principal place of business in Vermont registered with the Georgia Insurance Commissioner and may be served by serving its registered agent for service of process: Corporation Service Company, 100 North Main Street, Suite 2, Barre, VT 05641.

5.

This case and Plaintiff's claims for compensation for injuries arises from a collision at a railroad grade crossing in Winder, Barrow County Georgia between a tractor trailer owned by Defendant Xpress, insured by  Defendant Mountain Lake

and driven by Defendant Demetrick and a CSX Transportation, Inc. ("CSXT") locomotive occupied by its engineer Plaintiff Walker.

6.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (a)(1) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

7.

Venue is proper with this district and division pursuant to 28 U.S.C. § 1391(a)(1) and (b)(2) and U.S.D.C. Northern District LR 3.1(B)(3) as this civil action is brought in the district and division in which a substantial part of (all) the events or omissions and the activity giving rise to the claim occurred.

**Statement of Facts**

8.

On October 18, 2019 at approximately 11:30 a.m. Plaintiff sustained serious and permanent injuries while performing his duties as a locomotive engineer for CSXT when a collision occurred between his CSXT train (locomotives and cars) and a 2020 Freightliner tractor trailer owned by Defendant Xpress, insured by Defendant Mountain Lake and operated by Defendant Demetrick.

9.

On October 18, 2019 at or about 11:30 am Plaintiff was operating the CSXT locomotive in compliance with all federal, state, and  company rules and regulations  on CSXT track traveling east approaching  the grade crossing located at Broad St. twenty feet south of Bush Avenue in the city of Winder, Barrow County, Georgia.  ("the Crossing")

10.

At the or about the same time Defendant Demetrick chose to stop the 2020 Freightliner Tractor which she was driving, with its trailer ("Xpress Trailer") sitting on, blocking  and occupying the CSXT tracks at the Crossing facing south.

11.

As the train approached the Crossing, the Crossing lights and gates activated but Defendant Demetrick did not move the 2020 Freightliner Tractor or Xpress Trailer which remained on the tracks at the Crossing resulting in a collision between the CSXT train and the Xpress Trailer.

12.

As the locomotive approached the truck before impact, Plaintiff took all reasonable steps to avoid the collision.

13.

The violent impact of the CSXT train with the 2020 Freightliner Tractor and trailer caused Plaintiff to suffer severe and permanent personal injuries.

## Agency

14.

At the time of the incident and at all times relevant to this matter, Defendant Demetrick was in the course of his employment for, working for and acting as an agent of Defendant Xpress, and therefore any acts or omissions by Defendant Demetrick are imputed to Defendant Xpress as a matter of law.

## Direct Action Statutes-Defendant Mountain Lake

15.

As of October 18, 2019 Defendant Mountain Lake provided insurance coverage to motor carrier Defendant Xpress pursuant to Policy Number USX188121-19 issued to Defendant by Defendant Mountain Lake.

16.

Defendant Xpress is a motor carrier engaging in interstate commerce and therefore Defendant Mountain Lake is a proper party to this action pursuant to O.C.G.A. 40-2-112 and 40-1-112 ( Georgia Direct Action Statutes)

## Count I – Negligence of Defendants Demetrick and Xpress

### 17.

Plaintiff re-alleges and incorporates paragraphs 1-16 above as if each was set forth in its entirety.

### 18.

Defendant Demetrick  negligently stopped the tractor trailer such that the trailer was blocking the Crossing for rail traffic and failed to yield the right of way to the approaching train.

### 19.

Defendant Demetrick's negligence caused the collision in which Plaintiff was injured, and this negligence is imputed to Defendant Xpress.

### 20.

Defendant Xpress is vicariously liable for the negligence of their agent/employee, Defendant Demetrick.

### 21.

As a result of the negligence of Demetrick and Xpress, Plaintiff sustained serious and permanent injuries that have caused him to suffer mental and physical pain and suffering, lose wages and benefits in the past, incur medical expenses and

costs and has caused and will continue to cause him to incur mental and physical pain and suffering in the future as well as incur medical expenses in the future.

## **Count II – Negligence per se of Defendants Demetrick and Xpress**

22.

Plaintiff re-alleges and incorporates paragraphs 1- 21 above as if each was set forth in its entirety.

23.

Defendant Demetrick was working as an agent or employee of Defendant Xpress at the time of the incident.

24.

Defendant Demetrick failed to yield the right of way to the approaching train, failed to approach the Crossing pursuant to Georgia law and stopped on the railroad tracks and the Crossing in violation of O.C.G.A. 40-6-140 and other applicable Georgia statutory provisions.

25.

In addition, Defendant Demetrick violated 49 CFR Part 392.2 by the violations of Georgia law as well as 49 CFR Parts 392.10 and 392.12 by failing to properly approach, stop and clear the Crossing without stopping.

.

26.

As a result of these violations of applicable state and federal law and regulations by Defendant Demetrick, Defendant Demetrick is deemed to be negligent per se and/or negligent as a matter of law.

27.

Defendant Xpress is vicariously liable for the negligence per se of their agent / employee Demetrick.

28.

As a direct result of the negligence per se of Defendant Demetrick and Defendant Xpress, Plaintiff sustained serious and permanent injuries that have caused him to suffer mental and physical pain and suffering, lose wages and benefits in the past, incur medical expenses and costs, has caused and will continue to cause him to incur mental and physical pain and suffering in the future as well as incur medical expenses in the future.

WHEREFORE Plaintiff prays the following:

1. That process be served on Defendants according to law;

2. That Plaintiff have a trial by jury;

3. That judgment be entered in Plaintiff's favor against Defendants for compensatory damages, including past lost wages, future lost wages,

diminished earning power, lost fringe benefits, unpaid medical expenses, future medical expenses, past and future pain and suffering, both mental and physical, in such amounts as a jury shall determine are just and reasonable under the circumstances;

4. That judgment be entered in Plaintiff's favor against Defendant for compensatory damages, in such amounts as a jury shall determine are just and reasonable under the circumstances;

5. That Plaintiff has such other relief as the Court shall deem just and proper.

This 18th day of October, 2021.

Respectfully submitted,
**STEEL & MOSS, LLP**

*/s/ John D. Steel*
John D. Steel
Georgia Bar No. 677646

The Fountains at Piedmont Center
3495 Piedmont Road, N.E.
Building 11 – Suite 905
Atlanta, Georgia 30305
Phone: (404) 264-1292
Email: jsteel@steel-moss.com